Kim E. SIMS, et al,

v.

**LAFAYETTE PARISH SCHOOL
BOARD, et al.**

Civ. A. No. 91–1652.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Jan. 13, 1992.

Donna Brown, for Kim Sims, et al.

Michael Juneau, for Lafayette Parish
School Bd. et al.

Gregory Moroux, for City of Lafayette.

Walter Ward, for Parish of Lafayette.

---

RULING RE MOTION FOR PRO-
TECTIVE ORDER FILED
JANUARY 2, 1992

PAMELA A. TYNES, United States
Magistrate Judge.

On January 2, 1992, the plaintiffs filed a
Motion for Protective Order and for Expe-
dited Hearing. The defendants filed a
Memorandum in Opposition on January 3,
1992 and a conference was conducted in

chambers on January 10, 1992 commencing
at 1:45 p.m. to address the motion. Partici-
pating counsel included: Donna Brown,
representing the plaintiffs; Michael Ju-
neau, representing the defendants, School
Board of Lafayette Parish, Russell Bau-
doin, Dana Schmersahl and Audrey Milo;
and Greg Moroux, representing the City of
Lafayette. The ruling entered at the con-
ference, and reasons assigned therefor, are
memorialized *infra*.

In a nutshell, the dispute presented was
whether the defendants represented by Mi-
chael Juneau were entitled to obtain—(1)
copies of statements given by the defen-
dants, Dana Schmersahl, Russell Baudoin
and Audrey Milo; and (2) copies of the
statements given by two non-party witness-
es, Louis Benjamin and Jerry Caillier, prior
to their depositions which are now sched-
uled to commence on January 14, 1992.

First the 1970 Amendments to the dis-
covery rules make it clear that both parties
and non-parties are entitled to secure pro-
duction of any statements they have given
without any special showing. F.R.Civ.P.
26(b)(3) provides, in pertinent part, as fol-
lows:

"A party may obtain without the re-
quired showing a statement concerning
the action or its subject matter previous-
ly made by that party. Upon request, a
person not a party may obtain without
the required showing a statement con-
cerning the action or its subject matter
previously made by that person. If the
request is refused, the person may move
for a court order. The provisions of
Rule 37(a)(4) apply to the award of ex-
penses incurred in relation to the motion
. . ."

Of course, the crucial issue presented by
the plaintiffs' motion is not whether, but
when the deponents scheduled for January
14, 1992 are entitled to obtain a copy of
their statements. This Court recognizes
that there are cases where courts have held
that production of a statement may be de-
layed until after a deposition has been tak-
en. Nevertheless, the controlling authori-
ties indicate that such a procedure should
only be followed "in appropriate cases."

Specifically, the Advisory Committee Note to Rule 26(b)(3) provides, in pertinent part, as follows:

"In appropriate cases, the court may order a party to be deposed before his statement is produced." (citations omitted)

Furthermore, in the only Fifth Circuit authority cited by counsel, and indeed, the only Fifth Circuit authority on point known to the Court, *Miles v. Motor Vessel Mississippi Queen*, 753 F.2d 1349 (5th Cir.1985), Judge Rubin held in dictum that a trial court has some latitude in determining the time when statements must be produced. It is notable, however, that the trial judge in *Miles* suspected that the plaintiff was guilty of duplicity and had given the following reasons for his refusal to order production of the plaintiff's statement prior to trial:

"Because it was apparent to me that, or it was likely that, the plaintiff was not putting everything on the table."

753 F.2d at 1351. Thus, both the Advisory Committee Notes and the Fifth Circuit anticipate a showing of cause before a court may delay production of a statement.

In the case at hand, the plaintiffs have offered no facts tending to establish cause which would justify a delay in the production of statements. The only basis for the plaintiffs' motion is the contention that a delay in production of statements would protect the impeachment value of the prior statements. If preservation of impeachment value were a valid reason for delaying production of statements, then production would be delayed to a post-deposition point in every case. The adoption of such a rule would violate the rationale underlying the 1970 amendments to Rule 26(b)(3). The amendments to the rule seem to have been based on a general feeling that it is not fair to a witness to require him to testify without being allowed to see what he has said in a statement previously given. The Notes of Advisory Committee to Rule 26(b)(3), entitled PARTY'S RIGHT TO OWN STATEMENT, explain, in pertinent part:

"Ordinarily, a party gives a statement without insisting on a copy because he does not yet have a lawyer and does not understand the legal consequences of his actions. Thus, the statement is given at a time when he functions at a disadvantage. Discrepancies between his trial testimony and earlier statement may result from lapse of memory or ordinary inaccuracy; a written statement produced for the first time at trial may give such discrepancies a prominence which they do not deserve."

Although the Notes make particular reference to the right to review a statement before trial, the same adverse result may obtain if a person is compelled to give sworn deposition testimony without reviewing a prior statement. Accordingly, this Court follows the general rule of ordering pre-deposition production of statements absent a showing of cause for post-deposition production. This general rule applies equally to plaintiffs and defendants.

For the foregoing reasons, the Motion for Protective Order was DENIED with respect to the statements of the party defendants and plaintiffs' counsel was ORDERED to produce copies of the parties' statements to defense counsel before 5:00 p.m. on January 10, 1992. The Motion for Protective Order was GRANTED IN PART with respect to the non-party statements to the extent that the non-party statements need not be produced to defense counsel. Plaintiffs' counsel was, however, ORDERED to provide copies of the statements taken of the non-party deponents to the deponents immediately following receipt of their personal requests for same.

Finally, after further consideration, I find that an award of Rule 37(a)(4) fees and expenses should not be assessed in connection with the instant motion.

The Clerk of Court is directed to provide a copy of this ruling to all counsel by means of facsimile transmission immediately.